UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT ALVES,

        Plaintiff,

                              CASE NO.:

vs.

B & W PAVING CONTRACTORS OF
SOUTHWEST FLORIDA, INC., a Florida
Profit Corporation, and CHARLES
WILLEY, Individually,

        Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ROBERT ALVES ("Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendants, B & W PAVING CONTRACTORS OF SOUTHWEST FLORIDA, INC., a Florida Profit Corporation ("B & W"), and CHARLES WILLEY ("WILLEY"), individually, (collectively "Defendants") and states as follows:

## JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs, as well as to recover damages for retaliation under 29 U.S.C. §215(a)(3).

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3. At all times material to this action, Plaintiff was a resident of Collier County, Florida.

4. At all times material to this action, Defendant B & W was, and continues to be, engaged in business in Florida, doing business in Collier County.

5. Upon information and belief, at all times material to this action, Defendant WILLEY was and continues to be a resident of Florida.

6. At all times material to this action, Defendant WILLEY owned and/or operated B & W and regularly exercised the authority to (a) hire and fire employees, (b) determine the work schedules for the employees, and (c) control the finances and operations of B & W.

7. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of B & W; (b) determine the work schedules for the employees of B & W; and (c) control the finances and operations of B & W, Defendant, WILLEY, is an employer as defined by 29 U.S.C. §201 *et. seq.*

8. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

9. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

10. At all times material to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA.

11. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

12. At all times material to this action, B & W was, and continues to be, an

"enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant B & W was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

14. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, vehicles, power tools, and equipment manufactured outside of Florida or overseas.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

16. On or about March 6, 2017, and continuing through July 20, 2017, Defendants hired Plaintiff as a non-exempt, hourly paid, employee to work as a Driver/Laborer at Defendants' company. These duties included, but not limited to, transporting materials and equipment to jobsites.

17. Throughout his employment with Defendants, Plaintiff was paid a flat daily rate of $180.00 per day regardless of the number of hours he worked.

18. In all, or nearly all, of his weeks of employment with Defendants, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

19. From the beginning of his employment to the present, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

20. Plaintiff should be compensated at the rate of one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

21. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants.

22. Defendants have violated Title 29 U.S.C. § 207 from at least March 6, 2017, to July 20, 2017, in that:

   A. Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendants;

   B. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours per workweek; and

   C. For some portion of Plaintiff's employment, Defendants have failed to maintain proper time records as mandated by the FLSA.

23. Upon information and belief, Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants knew or should have known, that payment of overtime premiums for all hours over forty (40) worked in each workweek was and is due.

24. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

25. Plaintiff discussed his concerns regarding not being paid overtime with Defendants' management.

26. Plaintiff was terminated from his employment with Defendants three days later.

27. Plaintiff was told that he was terminated for taking the truck home.

28. However, Plaintiff had previously taken the truck home, had never been told not to take the truck home, and in fact had been expressly directed by his foreman to take the truck home.

29. Upon information and belief, no other employee has been terminated for taking a truck home.

30. As such, it is clear that the "reason" given for Plaintiff's termination is pretextual, and that the true motive for Plaintiff's termination was unlawful retaliation for seeking to be paid the overtime to which Plaintiff was entitled under the FLSA.

31. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT I

## RETALIATION IN VIOLATION OF §215(a)(3)

32. Plaintiff realleges and incorporates paragraphs 1 through 15 and 25 through 31 of the Complaint as if fully set forth herein.

33. Plaintiff discussed his concerns regarding not being paid overtime with Defendants' management, and Plaintiff was terminated from his employment with Defendants three days later.

34. The reason provided for Plaintiff's termination is pretextual.

35. Defendants have discriminated and retaliated against Plaintiff in violation of 29 U.S.C. §215(a)(3) because he complained about Defendants' unlawful pay practices.

36. Defendants' retaliatory conduct was not in good faith.

37. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has

been damaged.

38. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff seeks a judgment for Plaintiff and against Defendants for violation of 29 U.S.C. §215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION

39. Plaintiff realleges and incorporates paragraphs 1 through 24 and 31 of the Complaint as if fully set forth herein.

40. During his employment with Defendants, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

41. Plaintiff was paid a flat daily rate of $180.00 per day regardless of the number of hours he worked.

42. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

43. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

44. Defendants' failure to pay Plaintiff his earned overtime premiums was not in good faith.

45. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered

and continues to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

46.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests: (a) a judgment entered in his favor and against Defendants for actual and liquidated damages; (b) a declaration that Defendants' conduct violated the FLSA; and (c) costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 1st day of December, 2017.

Respectfully submitted,

_____
Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*
