UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT ALVES; KEVIN FERRELL,

        Plaintiffs,

CASE NO.: 2:17-CV-00664-FtM-29MRM

vs.

B & W PAVING CONTRACTORS
OF SOUTHWEST FLORIDA, INC.,
a Florida Profit Corporation, and
CHARLES WILLEY, Individually,

        Defendants.
_____/

## AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs, ROBERT ALVES ("ALVES") and KEVIN FERRELL ("FERRELL") (collectively "Plaintiffs"), by and through their undersigned counsel, file this Complaint against Defendants, B & W PAVING CONTRACTORS OF SOUTHWEST FLORIDA, INC., a Florida Profit Corporation ("B & W"), and CHARLES WILLEY ("WILLEY"), individually, (collectively "Defendants") and state as follows:

### JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to obtain a judgment against Defendants as to liability, recover unpaid back wages, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs, as well as to recover damages for retaliation under 29 U.S.C. §215(a)(3).

2.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiffs' claims arise under 29 U.S.C. §216(b).

1

## PARTIES

3. At all times material to this action, Plaintiff ALVES was a resident of Collier County, Florida.

4. At all times material to this action, Plaintiff FERRELL was a resident of Collier County, Florida.

5. At all times material to this action, Defendant B & W was, and continues to be, engaged in business in Florida, doing business in Collier County.

6. Upon information and belief, at all times material to this action, Defendant WILLEY was and continues to be a resident of Florida.

7. At all times material to this action, Defendant WILLEY owned and/or operated B & W and regularly exercised the authority to (a) hire and fire employees, (b) determine the work schedules for the employees, and (c) control the finances and operations of B & W.

8. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of B & W; (b) determine the work schedules for the employees of B & W; and (c) control the finances and operations of B & W, Defendant, WILLEY, is an employer as defined by 29 U.S.C. §201 *et. seq.*

9. At all times material to this action, Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

10. At all times material to this action, Defendants were Plaintiffs' "employers" within the meaning of the FLSA.

11. Defendants were, and continue to be, "employers" within the meaning of the FLSA.

12. At all times material to this action, B & W was, and continues to be, an

"enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

13. Based upon information and belief, the annual gross revenue of Defendant B & W was in excess of $500,000.00 per annum during the three years preceding the filing of this Complaint.

14. At all times material to this action, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as, vehicles, power tools, and equipment manufactured outside of Florida or overseas.

15. At all times material hereto, the work performed by the Plaintiffs was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

16. On or about March 6, 2017, and continuing through July 20, 2017, Defendants hired Plaintiff ALVES as a non-exempt, hourly paid, employee to work as a Driver/Laborer at Defendants' company. These duties included, but not limited to, transporting materials and equipment to jobsites.

17. Throughout ALVES' employment with Defendants, he was paid a flat daily rate of $180.00 per day regardless of the number of hours he worked.

18. On or about April 2017, and continuing through July 2017, Defendants hired Plaintiff FERRELL as a non-exempt, hourly paid, employee to work as a Driver/Laborer at Defendants' company. These duties included, but not limited to, transporting materials and equipment to jobsites.

19. Throughout FERRELL's employment with Defendants, he was paid a flat daily

rate of $150.00 per day regardless of the number of hours he worked.

20. In all, or nearly all, of their weeks of employment with Defendants, Plaintiffs worked for Defendants in excess of forty (40) hours within a workweek.

21. From the beginning of Plaintiffs' employment to the present, Defendants failed to compensate Plaintiffs at a rate of one and one-half times Plaintiffs' regular rate for all hours worked in excess of forty (40) hours in a single workweek.

22. Plaintiffs should be compensated at the rate of one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek, as required by the FLSA.

23. Upon information and belief, the majority of Plaintiffs' pay and time records are in the possession of Defendants.

24. Throughout Plaintiffs' employment, Defendants have violated Title 29 U.S.C. § 207, in that:

    A. Plaintiffs worked in excess of forty (40) hours in one or more workweeks for their period of employment with Defendants;

    B. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiffs at the statutory rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek; and

    C. For some portion of Plaintiffs' employment, Defendants have failed to maintain proper time records as mandated by the FLSA.

25. Upon information and belief, Defendants' failure and/or refusal to properly compensate Plaintiffs at the rates and amounts required by the FLSA was willful, as Defendants knew or should have known, that payment of overtime premiums for all hours over forty (40)

worked in each workweek was and is due.

26. Defendants failed and/or refused to properly disclose or apprise Plaintiffs of their rights under the FLSA.

27. Plaintiff ALVES discussed his concerns regarding not being paid overtime with Defendants' management.

28. Plaintiff ALVES was terminated from his employment with Defendants three days later after discussing his concerns with management.

29. Plaintiff ALVES was told that he was terminated for taking the truck home.

30. However, Plaintiff ALVES had previously taken the truck home, had never been told not to take the truck home, and in fact had been expressly directed by his foreman to take the truck home.

31. Upon information and belief, no other employee has been terminated for taking a truck home.

32. As such, it is clear that the "reason" given for Plaintiff ALVES's termination is pretextual, and that the true motive for ALVES's termination was unlawful retaliation for seeking to be paid the overtime to which ALVES was entitled under the FLSA.

33. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT I**
**RETALIATION IN VIOLATION OF §215(a)(3)**
**FOR PLAINTIFF ROBERT ALVES**

34. Plaintiff ALVES realleges and incorporates paragraphs 1-3, 5-15, and 27-33 of the Complaint as if fully set forth herein.

35. Plaintiff ALVES discussed his concerns regarding not being paid overtime with

5

Defendants' management, and ALVES was terminated from his employment with Defendants three days later.

36. The reason provided for Plaintiff ALVES' termination is pretextual.

37. Defendants have discriminated and retaliated against Plaintiff ALVES in violation of 29 U.S.C. §215(a)(3) because he complained about Defendants' unlawful pay practices.

38. Defendants' retaliatory conduct was not in good faith.

39. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff ALVES has been damaged.

40. Plaintiff ALVES is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff ALVES seeks a judgment for Plaintiff and against Defendants for violation of 29 U.S.C. §215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

## COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## FOR ALL PLAINTIFFS

41. Plaintiffs reallege and incorporate paragraphs 1-26 and 33 of the Complaint as if fully set forth herein.

42. During their employment with Defendants, Plaintiffs worked in excess of forty (40) hours in one or more workweeks for which Plaintiffs were not compensated at the statutory rate of one and one-half times Plaintiffs' regular rate of pay.

43. Plaintiff ALVES was paid a flat daily rate of $180.00 per day regardless of the

number of hours he worked.

44.     Plaintiff FERRELL was paid a flat daily rate of $150.00 per day regardless of the number of hours he worked.

45.     Plaintiffs were, and are, entitled to be paid at the statutory rate of one and one-half times Plaintiffs' regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

46.     Defendants failed to properly disclose or apprise Plaintiffs of Plaintiffs' rights under the FLSA.

47.     Defendants' failure to pay Plaintiffs their earned overtime premiums was not in good faith.

48.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per workweek, plus liquidated damages.

49.     Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiffs request: (a) a judgment entered in their favor and against Defendants for actual and liquidated damages; (b) a declaration that Defendants' conduct violated the FLSA; and (c) costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 14th day of August, 2018.

        **/s/ ANGELI MURTHY**
        ANGELI MURTHY, ESQ.
        FLorida Bar No.: 088758
        MORGAN & MORGAN, P.A.
        600 N. Pine Island Road, Suite 400
        Plantation, FL 33324
        Phone: (954) 318-0268
        Fax: (954) 327-3016
        Email: amurthy@forthepeople.com
        *Trial Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of August, 2018, a true and correct copy of the foregoing was filed using the CM/ECF system, which I understand will send notification of such filing to all counsel of record.

**/s/ ANGELI MURTHY**
Angeli Murthy, Esq.