UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT ALVES and KEVIN FERRELL,

    Plaintiffs,

v.                                          Case No:   2:17-cv-664-FtM-29MRM

B&W PAVING CONTRACTORS OF
SOUTHWEST FLORIDA, INC. and
CHARLES WILLEY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal With Prejudice, filed on February 19, 2019. (Doc. 24). In addition, the parties filed a Joint Supplemental Memorandum In Support of Joint Motion to Approve FLSA Settlement Agreement, filed on March 13, 2019. (Doc. 26). Plaintiffs Robert Alves and Kevin Ferrell, and Defendants B & W Paving Contractors of Southwest Florida, Inc. and Charles Willey request that the Court approve the parties' proposed settlement of the Fair Labor Standards Act claims in this litigation. Upon consideration of the parties' submissions, the Undersigned recommends that the Court enter an Order approving the settlement.

### LEGAL STANDARD

To approve the settlement of a FLSA claim, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the Fair Labor Standards Act ("FLSA"). *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); 29 U.S.C. § 216. There are two ways for a claim under the FLSA to be settled or compromised. *Id*. at 1352-53. The first is under 29 U.S.C. § 216(c),

providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id*. at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id*. at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages. *Id.* at 1354. The Eleventh Circuit has held that:

> [a lawsuit] provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id*. at 1354.

## THE CLAIMS, DEFENSES, AND PROPOSED SETTLEMENT

In the Amended Complaint (Doc. 22), Plaintiff Alves alleges that Defendants discriminated and retaliated against him for complaining about Defendants' allegedly unlawful pay practices. (Doc. 22 at 5-6). In addition, both Plaintiffs allege that Defendants paid Plaintiffs a flat daily rate regardless of the number of hours worked. (*Id.* at 6-7). Plaintiffs claim that Defendants failed to pay them overtime wages. (*Id.*).

Defendants deny all liability as to Plaintiffs' claims. (Doc. 24 at 2). Defendants assert that Plaintiffs have been compensated fully for all hours worked. (*Id.*). In fact, Defendants "vehemently contested the hours Plaintiffs claimed to have worked, and denied that any overtime

2

was owed at all." (*Id.* at 3). Further, Defendants contest that they retaliated against Plaintiff Alves. (*Id.*).

## ANALYSIS

Even though a *bona fide* dispute exists between the parties (*see id.* at 2-3), the parties successfully negotiated a settlement of both Alves' and Ferrell's claims (*id.* at 2, 5-6). The parties agreed to settle this matter by paying both Plaintiffs $4,000.00 each. (Doc. 24-1 at 2). Originally, the parties did not explain the arguable lack of consideration for Plaintiff Alves' retaliation claim, nor did the parties explain or provide language as to any general releases. The Undersigned entered an Order on February 25, 2019, directing the parties to explain the consideration for Plaintiff Alves' settlement of his retaliation claim and to explain and provide language as to any general releases. The parties complied by filing the Joint Supplemental Memorandum (Doc. 26) and by filing a revised Settlement Agreement and Release of Claims (Doc. 26-1). With this supplementation, the Undersigned is prepared to recommend approval of the Settlement Agreement and Release of Claims (Doc. 26-1).

*Monetary Terms and Resolution of Retaliation Claim*

Defendants agree to pay Plaintiff Alves a total of $4,000.00, which consists of: (1) $1,750.00 in resolution of alleged his unpaid wages claim; (2) $250.00 in resolution of his alleged unpaid wages claim in connection with his retaliation claim; (3) $1750.00 in resolution of Plaintiff Alves' claim for liquidated damages relating to his unpaid wages claim; and (4) $250.00 in liquidated damages for resolution of Plaintiff Alves' retaliation claim. (Doc. 26-1 at 2 ¶ 3). Defendants agree to pay Plaintiff Ferrell a total of $4,000.00, which consists of $2000.00 allocated to his alleged unpaid wages claim, and $2,000.00 allocated to liquidated damages. (*Id.*).

3

> With regard to how these amounts were determined, the parties explain:
>
> After engaging in written discovery, and engaging in settlement negotiations in recent months, in order to avoid the uncertainties of and costs of dispositive motions and trial, a compromise has been agreed upon with Plaintiffs receiving a reasonable recovery in light of the significant risks of proceeding.

(Doc. 24 at 5-6). Further, the parties state that Defendants' records show no overtime and, thus, "[i]n light of these records, Plaintiffs faced a real possibility of recovering significantly less, or even nothing at all, if the case were to continue." (*Id.* at 6).

The Undersigned finds that the parties were represented by experienced counsel and agree that the settlement amount is fair and reasonable. (Doc. 24 at 4). The parties also agree that the settlement is not the result of undue influence, overreaching, collusion, or intimidation. (*Id.*). Thus, the Undersigned finds that based upon the representations of the parties, the settlement amount is a fair and reasonable resolution of the claims in this action.

*Mutual Releases*

In the revised Settlement Agreement and Release of Claims, the parties included language for mutual general releases. Plaintiffs agree:

> To settle and release any and all claims which Plaintiffs have against Defendants, which arose or may have arisen prior to the date of execution of this agreement and to dismiss, with prejudice, the case Plaintiffs have filed in the U.S. District Court, Middle District of Florida, Fort Myers Division, Case No. 2:17-CV-00664-FtM-29.MRM (the "Lawsuit").

(Doc. 26-1 at 2 ¶ 2(a)).

Defendants agree:

> As further consideration for this Agreement, and specifically in consideration for Plaintiffs' general release of claims in this matter, extending beyond only the claims alleged in the Lawsuit, Defendants agree to settle and release any and all claims which Defendants have against Plaintiffs, which arose or may have arisen prior to the date of execution of this agreement. This release is intended to be, and is, as broad as Plaintiffs' release of Defendants in Paragraph 2.A., above. Given the potential counterclaims and other claims raised during the litigation, this release is

important to Plaintiffs, and is not the result of any coercion or overreach by Defendants.

(*Id.* at 4 ¶ 6).

The *Lynn's Food Stores* analysis also necessitates a review of the proposed consideration as to each term and condition of the settlement, including foregone or released claims. *Shearer v. Estep Const., Inc.*, No. 6:14-CV-1658-ORL-41, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). The valuation of unknown claims is a "fundamental impediment" to a fairness determination. *Id.*; *see also Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1350-52 (M.D. Fla. 2010). The Court typically "cannot determine, within any reasonable degree of certainty, the expected value of such claims." *Id.* Thus, the task of determining adequate consideration for forgone claims is "difficult if not impossible." *Id.* (citation omitted).

Additionally, this Court has found that general releases in FLSA cases are often unfair to plaintiffs. *See Moreno*, 729 F. Supp. 2d at 1351. Specifically, "[a]lthough inconsequential in the typical civil case (for which settlement requires no judicial review), an employer is not entitled to use an FLSA claim (a matter arising from the employer's failing to comply with the FLSA) to leverage a release from liability unconnected to the FLSA." *Id.* The Court has found that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Id.* at 1352.

Notwithstanding this line of cases, however, other jurists have approved non-cash concessions in FLSA settlement agreements where they have been negotiated for separate consideration or where there is a reciprocal agreement that benefits all parties. *Bell v. James C. Hall, Inc.*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5339706, at *3 (M.D. Fla. Aug. 16, 2016), *report and recommendation adopted*, No. 6:16-cv-218-Orl-41TBS, 2016 WL 5146318, at *1

(M.D. Fla. Sept. 21, 2016); *Buntin v. Square Foot Mgmt. Co., LLC*, No. 6:14-CV-1394-ORL-37, 2015 WL 3407866, at *3 (M.D. Fla. May 27, 2015).

Here, the parties' supplemental briefing specifically addresses the mutual releases. (Doc. 26 at 4-5). The parties assert that in exchange for Plaintiffs executing a general release, Defendants agree to execute a reciprocal release. (*Id.* at 5). The parties claim that "[t]he mutual releases will provide certainty to both the Plaintiffs and the Defendants. The underlying employment relationships ended on unfavorable terms and both parties wish to be free from potential exposure, if any, arising out of unsettled claims." (*Id.*). The parties also assert that the general mutual releases are "fair, and both parties have valid reasons for wanting the release, as is specifically stated in the Agreement itself." (*Id.*). Thus, the parties request that the Court approve the revised Settlement Agreement that includes these mutual releases. (*Id.*).

In addition, in the February 19 Joint Motion to Approve Settlement, the parties indicate that "[i]n addition to monetary consideration, in exchange for Plaintiffs' general release of claims, Defendants are also providing Plaintiffs with a reciprocal general release." (Doc. 24 at 3). The parties further explain:

> The general release is important to each party to ensure that there will not be future litigation on events arising prior to approval, including claims that Defendants may have against Plaintiffs. Defendants have raised the possibility of claims against Plaintiffs, including for property damage, which Plaintiffs wish to ensure are released as part of this case.

(*Id.*).

Although general releases are typically disfavored in FLSA cases, the Undersigned places great weight on the fact that Plaintiffs are each represented by experienced counsel. Further, this Court has approved general releases in FLSA cases when such releases are mutual and thus confer a benefit on the Plaintiff. *Holding v. AMS, Inc.*, No. 2:17-CV-623-FTM-99CM, 2018 WL

4898837, at *3 (M.D. Fla. Oct. 5, 2018), *report and recommendation adopted*, No. 2:17-CV-623-FTM-99CM, 2018 WL 4898836 (M.D. Fla. Oct. 9, 2018).  In sum, the parties employment relationship ended unfavorably, all parties wish to be free for any potential expose for further claims, and all parties agree that they have valid reasons to agree to the general mutual releases in the revised Settlement Agreement,  The Undersigned finds that these reasons support the notion that Plaintiffs received additional consideration – albeit not in monetary form – to enter into a general release based upon Defendants' agreement to enter into a general mutual release as well.  Thus, the Undersigned finds that this separate consideration for the general release of potential claims appears fair and reasonable.

*Attorney's Fees*

The proposed settlement includes an agreement that Defendants pay Plaintiffs' attorney's fees and costs in the amount of $5,000.00.  (Doc. 26-1 at 2 ¶ 3).  The parties state, "Plaintiffs' attorneys' fees and costs were claimed by Plaintiffs and their counsel separate and apart from the amounts sought by Plaintiffs for their underlying claims, and were negotiated independently." (Doc. 24 at 6).  As explained in *Bonetti v. Embarq Management Company*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), "the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.  If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement."  In *Bonetti*, the Court concluded:

> [I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the

> plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

715 F. Supp. 2d at 1228.

In the instant case, a settlement was reached and the attorneys' fees were agreed upon without compromising the amount paid to Plaintiffs. (Doc. 24 at 2-4, 6). The Undersigned finds, therefore, that the proposed settlement of Plaintiffs' attorney's fees and costs are reasonable and fair.

Upon consideration of all the foregoing, the Undersigned finds and recommends that the proposed settlement in this case is fair and reasonable, and should be approved by the Court.

## CONCLUSION

The Undersigned finds that the Settlement Agreement and Release of Claims (Doc. 26-1) appears reasonable on its face. Accordingly, the Undersigned recommends that the Joint Motion to Approve Settlement and Stipulation for Dismissal With Prejudice (Doc. 24) and Joint Supplemental Memorandum (Doc. 26) be granted and the Settlement Agreement and Release of Claims (Doc. 26-1) be approved.

Based upon the foregoing, the Undersigned respectfully **RECOMMENDS** that:

1) The Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal With Prejudice (Doc. 24) and the Joint Supplemental Memorandum (Doc. 26) be **GRANTED**.

2) The Settlement Agreement and Release of Claims (Doc. 26-1) be approved by the Court as a "fair and reasonable resolution of a bona fide dispute" of the parties' FLSA issues.

8

3)  If the presiding District Judge adopts this Report and Recommendation, then the Clerk of Court be directed to dismiss this action with prejudice, terminate all pending motions, and close the file.

Respectfully recommended in Chambers in Ft. Myers, Florida on March 22, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties